IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:09-CR-133-D

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>v. )<br>)<br>CHRISTOPHER HANNIGAN, )<br>)<br>Defendant. ) | **ORDER** |

On December 28, 2020, Christopher Hannigan ("Hannigan" or "defendant") moved pro se for compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5238–41 (2018) (codified as amended at 18 U.S.C. § 3582) [D.E. 77] and filed a memorandum and documents in support [D.E. 77-1]. On January 11, 2021, Hannigan supplemented the motion [D.E. 80]. On March 24, 2021, through counsel, Hannigan filed a memorandum and a document in support [D.E. 82, 83]. On April 6, 2021, the government responded in opposition [D.E. 86] and filed documents in support [D.E. 86-1–86-2]. As explained below, the court denies Hannigan's motion.

I.

On January 13, 2010, with a written plea agreement, Hannigan pleaded guilty to manufacture of child pornography. See [D.E. 21, 22]. On May 5, 2010, the court held Hannigan's sentencing hearing and adopted the facts set forth in the Presentence Investigation Report ("PSR"). See [D.E. 29]; PSR; Sent. Tr. [D.E. 47] 4–5. After overruling Hannigan's objection, the court determined Hannigan's total offense level to be 40, his criminal history category to be I, and his advisory guideline range to be 292 to 360 months' imprisonment. See Sent. Tr. [D.E. 47] 6. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Hannigan to 336

months' imprisonment. See id. at 13–15; [D.E. 29, 30].

On June 5, 2014, Hannigan moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. See [D.E. 33]. On July 22, 2014, the government moved to dismiss Hannigan's section 2255 motion. See [D.E. 37]. On August 29, 2014, Hannigan responded in opposition. See [D.E. 43]. On March 10, 2015, the court granted the government's motion to dismiss, dismissed Hannigan's section 2255 motion, and denied a certificate of appealability. See [D.E. 48]. On April 10, 2015, Hannigan moved for reconsideration. See [D.E. 50]. On July 27, 2015, the court denied Hannigan's motion fo reconsideration. See [D.E. 52]. Hannigan appealed. See [D.E. 53]. On March 14, 2016, the United States Court of Appeals for the Fourth Circuit denied a certificate of appealability and dismissed Hannigan's appeal. See United States v. Hannigan, 638 F. App'x 234, 235 (4th Cir. 2016) (per curiam) (unpublished).

On July 5, 2017, Hannigan appealed his conviction and sentence. See [D.E. 63]. On September 7, 2017, the Fourth Circuit dismissed Hannigan's appeal as untimely. See [D.E. 67].

On December 21, 2018, the First Step Act went into effect. See First Step Act, 132 Stat. at 5249. Before the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for compassionate release. Under the First Step Act, a sentencing court may modify a sentence of imprisonment either upon a motion of the Director of the BOP "or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

After a defendant meets the exhaustion requirement, a defendant must (1) demonstrate "extraordinary and compelling reasons" for a sentence reduction, or (2) be at least 70 years old, have served at least 30 years in prison, and have the Director of the BOP determine that the defendant is

2

not a danger to the safety of another person or the community. Id. In deciding to reduce a sentence under section 3582(c)(1)(A), a court must consult the sentencing factors in 18 U.S.C. § 3553(a) and must ensure that a sentence reduction is "consistent with applicable policy statements" of the United States Sentencing Commission (the "Commission"). Id.

The Commission policy statements include U.S.S.G. § 1B1.13. Section 1B1.13 essentially parrots section 3582(c)(1)(A)'s requirements and adds that the defendant not be "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Section 1B1.13's application notes provide examples of extraordinary and compelling reasons, including: (A) serious medical conditions of the defendant, (B) advanced age of the defendant when coupled with a serious deterioration in physical and mental health due to aging and having served at least 10 years or 75% of his or her imprisonment term (whichever is less), (C) family circumstances, or (D) another extraordinary and compelling reason. See U.S.S.G. § 1B1.13 cmt. n.1.[1] Application note 2 states

---

[1] Application note 1 to U.S.S.G. § 1B1.13 states in full:

1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

   (A) Medical Condition of the Defendant.—

   (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

   (ii) The defendant is—

   (I) suffering from a serious physical or medical condition,

   (II) suffering from a serious functional or cognitive impairment,

3

that "an extraordinary and compelling reason need not have been unforeseen at the time of sentencing to warrant a reduction in the term of imprisonment." U.S.S.G. § 1B1.13 cmt. n.2. Thus, the fact "that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement." Id. Application note 3 states, "[p]ursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." U.S.S.G. § 1B1.13 cmt. n.3.

---

or

(III) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) Family Circumstances.—

(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.

4

The Commission has lacked a quorum since Congress enacted the First Step Act and has not updated U.S.S.G. § 1B1.13 to account for the First Step Act. Accordingly, section 1B1.13 does not provide a policy where an inmate files a motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). See, e.g., United States v. High, No. 20-7350, 2021 WL 1823289, at *3 (4th Cir. May 7, 2021); United States v. Kibble, No. 20-7009, 2021 WL 1216543, at *3–4 (4th Cir. Apr. 1, 2021); United States v. McCoy, 981 F.3d 271, 280–84 (4th Cir. 2020). Rather, "[section] 1B1.13 only applies when a request for compassionate release is made upon motion of the Director of the [BOP]." Kibble, 2021 WL 1216543, at *3–4. Nevertheless, section 1B1.13 provides informative policy when assessing an inmate's motion, but a court independently determines whether "extraordinary and compelling reasons" warrant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). See High, 2021 WL 1823289, at *3; McCoy, 981 F.3d at 284. In doing so, the court consults not only U.S.S.G. § 1B1.13, but also the text of 18 U.S.C. § 3582(c)(1)(A) and the section 3553(a) factors. See, e.g., McCoy, 981 F.3d at 280–84; United States v. Jones, 980 F.3d 1098, 1101–03 (6th Cir. 2020); United States v. Gunn, 980 F.3d 1178, 1180–81 (7th Cir. 2020); United States v. Ruffin, 978 F.3d 1000, 1007–08 (6th Cir. 2020); United States v. Brooker, 976 F.3d 228, 237–38 (2d Cir. 2020); United States v. Clark, No. 1:09cr336-1, 2020 WL 1874140, at *2 (M.D.N.C. Apr. 15, 2020) (unpublished).

On October 29, 2020, Hannigan requested compassionate release from the warden, which the warden denied on November 23, 2020. See [D.E. 77] 1; [D.E. 77-1] 22; [D.E. 82] 1–2. The government has not invoked section 3582's exhaustion requirement. See United States v. Alam, 960 F.3d 831, 833–34 (6th Cir. 2020).[2] Accordingly, the court addresses Hannigan's claim on the merits.

---

[2] The Fourth Circuit has not addressed whether section 3582's exhaustion requirement is a jurisdictional or claims-processing requirement. The court assumes without deciding that the

5

Hannigan seeks compassionate release pursuant to section 3582(c)(1)(A). In support of his request, Hannigan cites the COVID-19 pandemic, his bout with and recovery from COVID-19, and his medical conditions, including hypertension, obesity, PTSD, depression, drug-resistant otitis media, neuropathy, migraines, degenerative disk disease, bipolar disorder, and anxiety. See [D.E. 77] 2; [D.E. 77-1] 3–8, 60–63; [D.E. 82] 2–5; [D.E. 83]. Hannigan also cites his age (37), the conditions at FCI Petersburg, his rehabilitation efforts, that he has served over ten years of his sentence, and his release plan. See [D.E. 77] 1–3; [D.E. 77-1] 3–8, 12–14, 17–19, 23–27, 34–59; [D.E. 82] 5–6.

As for the medical condition of the defendant policy statement, the policy statement requires that the defendant is "suffering from a serious physical or medical condition . . . from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii). Although Hannigan states that he suffers from hypertension, obesity, PTSD, depression, drug-resistant otitis media, neuropathy, migraines, degenerative disk disease, bipolar disorder, and anxiety, he has not demonstrated that he is not going to recover from these conditions or that they cannot be treated while Hannigan serves his sentence. Accordingly, reducing Hannigan's sentence is not consistent with application note 1(A). See 18 U.S.C. § 3582(c)(1)(A).

As for the "other reasons" policy statement, the court assumes without deciding that the COVID-19 pandemic, Hannigan's bout and recovery from COVID-19, and Hannigan's medical conditions, age, rehabilitation efforts, that he has served over ten years of his sentence, and his release plan are extraordinary and compelling reasons under section 3582(c)(1)(A). Cf. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and

---

requirement is a claims-processing rule, and that the government must "properly invoke" the rule for this court to enforce it. See Alam, 960 F.3d at 833–34.

6

the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."). Even so, the section 3553(a) factors counsel against reducing Hannigan's sentence. See High, 2021 WL 1823289, at *4–7; Kibble, 2021 WL 1216543, at *4–5; United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020); Clark, 2020 WL 1874140, at *3–8.

Hannigan is 37 years old and engaged in horrific criminal behavior. See PSR ¶¶ 8–14. Hannigan initiated explicit sexual conversations with an undercover agent posing as a 14 year-old male. See id. During those conversations, Hannigan sent the undercover agent a sexually explicit video depicting a 14 year old male engaged in sexual acts which Hannigan had manufactured. See id. Based on Hannigan's conduct, authorities obtained a search warrant for Hannigan's residence. See id. When authorities executed the search warrant, they discovered videos and pictures on Hannigan's computer containing approximately 10,802 images of child pornography which Hannigan had both received and shared. See id. The investigation also revealed that Hannigan had engaged in prohibited sexual conduct with another 14 year old male after meeting him via the internet. See id. Hannigan's criminal conduct is nothing short of horrendous. Nonetheless, Hannigan has taken positive steps while incarcerated on his federal sentence, including completing numerous classes, completing substance abuse treatment, and working towards a college degree. See [D.E. 77] 2–3; [D.E. 77-1] 12–14, 23–27, 34–51; [D.E. 82] 5–6; cf. PSR ¶ 14.

The court has considered Hannigan's exposure to and recovery from COVID-19, Hannigan's age, his medical conditions, his rehabilitation efforts, that he has served over 10 years of his sentence, and his release plan. Cf. Pepper v. United States, 562 U.S. 476, 480–81 (2011); High, 2021 WL 1823289, at *4–7; United States v. McDonald, 986 F.3d 402, 412 (4th Cir. 2021); United

7

States v. Martin, 916 F.3d 389, 398 (4th Cir. 2019). Having considered the entire record, the steps that the BOP has taken to address COVID-19, the section 3553(a) factors, Hannigan's arguments, the government's persuasive response, and the need to punish Hannigan for his serious criminal behavior, to incapacitate Hannigan, to promote respect for the law, to deter others, and to protect society, the court declines to grant Hannigan's motion for compassionate release. See, e.g., Chavez-Meza v. United States, 138 S. Ct. 1959, 1966–68 (2018); High, 2021 WL 1823289, at *4–7; Ruffin, 978 F.3d at 1008–09; Chambliss, 948 F.3d at 693–94; United States v. Hill, No. 4:13-CR-28-BR, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished), aff'd, 809 F. App'x 161 (4th Cir. 2020) (per curiam) (unpublished).

II.

In sum, the court DENIES Hannigan's motion for compassionate release [D.E. 77, 82].

SO ORDERED. This 14 day of May 2021.

JAMES C. DEVER III
United States District Judge